UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUSTIN ROBINSON,<br>Plaintiff,<br><br>v.<br><br>DONDINEAU et al.,<br>Defendants. | Case No. 26-cv-11234<br>Honorable Shalina D. Kumar<br>United States District Judge |

**OPINION AND ORDER DISMISSING IN PART PLAINTIFF'S COMPLAINT, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 8)**

## I. Introduction

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Austin Robinson, presently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, brings claims against Defendants Grievance Coordinator John Doe and Correctional Officer Dondineau for violations of his constitutional rights arising from an incident involving threats of sexual assault. ECF No. 1. Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also denies without prejudice Plaintiff's motion to appoint counsel.

## II. Background

The events giving rise to the action occurred at the St. Louis Correctional Facility in St. Louis, Michigan. On or about May 11, 2024, Plaintiff says that Defendant Dondineau approached his cell after overhearing Plaintiff speaking with another prisoner. ECF No. 1, PageID.2. Dondineau stated, "Shut you[r] loud mouth [a**] up before I come in there and [f**k] you like that [b***h] that you're talking about. I'm tired of hearing your voice." *Id*. Plaintiff told Dondineau that he would write a PREA complaint against him for the sexual threat. Dondineau then opened Plaintiff's cell door and said: "Since you are so tuff [sic] I'll pull your [a**] out so I can [f**k] you in it right now. That's a direct order [n***a]." *Id*. Dondineau then spat in Plaintiff's face and continued to yell out racial slurs and other sexually explicit and harassing statements. Dondineau later returned to Plaintiff's cell that night and stated: "How would you like to eat his [sic] fist along with that spit I just [fed] you?" *Id*. Plaintiff says that he wrote and filed a grievance on the matter; however, he did not receive a response. *Id*. Plaintiff further states that he filed a formal complaint, in which four of six violations were substantiated. *Id*. Plaintiff was then transferred to another facility.

Plaintiff brings claims concerning First Amendment retaliation and interference with his right to file a grievance, Eighth Amendment cruel and unusual punishment and excessive force violations, Fourteenth Amendment equal protection violation, and assault under state law. He seeks monetary and injunctive-type relief. Defendants are sued in their individual capacities only.

## III. Legal Standard

Plaintiff has been granted *in forma pauperis* status. ECF No. 7. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See*

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV. Discussion

### A. First Amendment Retaliation

Plaintiff first alleges that Defendant Dondineau retaliated against him by spitting in his face after Plaintiff threatened to file a PREA complaint against him. ECF No. 1, PageID.2. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*. Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, the Court concludes that Plaintiff has sufficiently alleged a retaliation claim. First, Plaintiff's threat to file a non-frivolous PREA

complaint falls within the purview of protected conduct. *See Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009); *Brown v. Bott*, No. 21-2834, 2022 WL 3449219, at *2 (6th Cir. June 22, 2022) (concluding that the district court improperly dismissed the plaintiff's retaliation claim because the threat to file a PREA grievance against the defendant could not be characterized as frivolous). Second, Dondineau spitting in Plaintiff's face may constitute an adverse action that was motivated, at least in part, by Plaintiff's protected conduct. *See Hamilton v. Bolton*, No. 2:24-CV-11, 2024 WL 4223963, at *5 (W.D. Mich. Sept. 18, 2024) (concluding that spitting in a prisoner's face and food after filing grievances sufficiently stated a retaliation claim at the screening stage). Therefore, the Court concludes that this claim is not subject to dismissal under the screening standards.

**B. Eighth Amendment Claims**

The Court construes the complaint as asserting Eighth Amendment claims premised upon Defendant Dondineau's verbal sexual harassment and spitting in Plaintiff's face.

**1. Sexual Harassment**

Plaintiff fails to state a claim based on Dondineau's alleged verbal sexual harassment. It is well-established that sexual abuse by corrections officers can be sufficiently serious to violate the Eighth Amendment. *See,*

*e.g., Rafferty v. Trumbull Cty. Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (collecting cases). The Sixth Circuit, however, has held that "isolated, brief, and not severe" instances of sexual harassment do not give rise to an Eighth Amendment violation. *Id*. An allegation of verbal sexual harassment, without more, is insufficient. *See, e.g., id*. at 1096 (ruling that prisoner stated Eighth Amendment claim where the alleged abused "did not merely consist of words," but also "entailed forced sexual acts"); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, *1 (6th Cir. 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation."); *Green v. Eddy*, No. 1:24-cv-12086, 2025 WL 845176, *3 (E.D. Mich. Mar. 18, 2025) (officer's remark that prisoner should "go f[uck] [him]self" did not implicate the Eighth Amendment); *Cox v. Ross*, No. 2:24-cv-11506, 2024 WL 3071056, *2 (E.D. Mich. June 20, 2024) (citing cases and denying relief on verbal harassment claim); *Sims v. Jarvis*, No. 2:23-cv-163, 2024 WL 3565043, *4 (W.D. Mich. July 29, 2024) (dismissing verbal sexual harassment allegations).

Even verbal threats to assault an inmate have been found not to violate a prisoner's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's conclusion that verbal

harassment in the form of a threatened sexual assault "was not punishment that violated Miller's constitutional rights.").

Although repugnant and patently unprofessional, Defendant Dondineau's verbal threats to sexually assault Plaintiff do not give rise to an Eighth Amendment claim. These statements, made throughout a single day, were merely words without physical contact or forced sexual behavior, and do not suggest a "pattern of unnecessary and wanton abuse." *See Green*, 2025 WL 845176, at *2. In sum, Defendant Dondineau's statements, while inappropriate and not to be condoned, do not rise to the level of a constitutional violation. The Court dismisses this claim.

**2. Excessive Force**

The Court also construes the complaint as alleging that Defendant Dondineau acted with excessive force by spitting in Plaintiff's face.

The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id*. Not every shove or restraint, however, gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir.

1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights" (internal quotation marks omitted)). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. The Court asks "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.' " *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298

(1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (internal quotations omitted). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.' " *Id*. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

Intentionally spitting on an inmate is certainly repugnant. However, several courts, including the Sixth Circuit, have held that allegations that prison officials spit on an inmate do not constitute the sort of force that implicates the Eighth Amendment. *See, e.g., Gill v. Tuttle*, 93 F. App'x 301, 303 (2d Cir. 2004); *Williams v. Gobles*, No. 99-1701, 2000 WL 571936, at *1–2 (6th Cir. May 1, 2000); *Spearman v. Williams*, No. 1:17-cv-1070, 2018 WL 8369416, at *6 (W.D. Mich. July 6, 2018), report and recommendation adopted in relevant part by 2019 WL 1233138 (W.D. Mich. Mar. 18, 2019), aff'd in relevant part by 2023 WL 7000971 (6th Cir. July 17, 2023); *Hamilton*, No. 2:24-CV-11, 2024 WL 4223963, at *7. Again, while the Court finds Defendant Dondineau's action abhorrent, the Court cannot conclude, given the authority above, that the conduct rises to the level of an Eighth

Amendment violation. Accordingly, any intended Eighth Amendment excessive force claim is also dismissed.

### C. Equal Protection Claim

Plaintiff alleges that Defendant Dondineau's behavior amounted to intentional racial discrimination in violation of the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right," such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440.

To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has

been intentionally treated differently from others similarly situated." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, " '[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.' " *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff fails to state an equal protection claim premised upon racial discrimination. Plaintiff fails to identify any non-African American prisoner who was similarly situated in all relevant respects but treated differently. Likewise, although Plaintiff alleges that Defendant Dondineau used racially derogatory language, an allegation that a prison official used racial slurs, standing alone, does not violate the Fourteenth Amendment's guarantee of equal protection. *See King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (Moore, J., concurring in part and dissenting in part) ("The use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause."); *Williams v. Kaufman County*, 352 F.3d 994, 1013 & n. 61 (5th Cir. 2003).

Ultimately, Plaintiff's complaint contains no facts or allegations to support his equal protection claim. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet

that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). Instead, any allegations of discriminatory treatment are wholly conclusory. As discussed above, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See id*. at 678; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Equal Protection claim is dismissed.

**D. Grievance Process**

Plaintiff argues that Defendant Grievance Coordinator John Doe violated his First Amendment rights by failing to respond to his grievance.

The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-465 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government

officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

The failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992).

Plaintiff's only allegation against Defendant John Doe involves the failure to respond to his grievance. He thus fails to state a claim upon which relief may be granted against this Defendant and his claims against him are dismissed. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); .*Proctor v. Applegate,* 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).

**E. State Law Claim**

Next, the Court construes the complaint as alleging a state law claim for assault. ECF No. 1, PageID.6. The Court concludes that this claim is not subject to dismissal at the screening stage and will proceed.

**F. Motion to Appoint Counsel**

Finally, Plaintiff moves for appointment of counsel. ECF No. 8. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are

frivolous or have a small likelihood of success. *Id*. Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), objections overruled, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Plaintiff says that he needs counsel because of his inexperience in civil litigation and the complexity of his case. These are not exceptional circumstances. Plaintiff has shown himself competent to represent himself, as his filings are easily understood. Nor is the case complex. For the reasons stated above, only Plaintiff's First Amendment retaliation and state-law assault claims against Defendant Dondineau remain. Thus, the Court declines to appoint counsel to appear on Plaintiff's behalf.

## V. Conclusion

For the reasons stated, the Court **DISMISSES** Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendant Dondineau for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

The Court further **DISMISSES** Plaintiff's First Amendment claim against Defendant John Doe. As there are no other pending claims against Defendant John Doe, he is **DISMISSED** from the complaint.

The Court concludes that Plaintiff's First Amendment retaliation and state-law assault claims against Defendant Dondineau are not subject to summary dismissal.

Finally, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel. ECF No. 8. He may renew his motion if his claims survive the dispositive motion stage.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: October 29, 2026